UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH JACKSON,

          Plaintiff,

v.                                        Case No. 17-cv-194-pp

DR. PATRICK MURPHY, GARY HAMBLIN,
EDWARD WALL, JUDY SMITH,
SARA SCHNEIDER, DANIELLE FOSTER,
MORGAN BAILEY, WILLIAM MCCREEDY,
WILLIAM GOLDEN, JAMIE BARKER,
DAVID BURNETT, LON BECHER,
HOLLY GUNDERSON, ASHLEE WALDVOGEL,
THERESA MURPHY, CARRIE SPRANGER,
WELCOME ROSE, LORI ALSUM,
and CHARLES FACKTOR,

          Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 106) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 121)**

---

On November 29, 2018, the court issued an order directing the defendants to file a more detailed response to the plaintiff's motion for preliminary injunction; adding Welcome Rose, Lori Alsum and Charles Facktor as defendants; denying the plaintiff's motion for temporary restraining order; denying the plaintiff's motions to compel; denying the defendants' motion for protective order; denying as moot the plaintiff's motion to postpone deposition; denying without prejudice the plaintiff's motion to appoint counsel; and amending the scheduling order to set a new discovery deadline of March 15, 2019 and a new dispositive motion filing deadline of April 15, 2019. Dkt. No. 119. The result of that order was, among other things, to increase the number

1

of defendants from sixteen to nineteen. On the same day the court issued that order, the original sixteen defendants filed a motion for summary judgment. Dkt. No. 106. The consequence is that sixteen defendants are at the summary judgment stage, while the deadline for the other three defendants to answer has not arrived.

The plaintiff has filed a motion for extension of time to respond to the motion for summary judgment filed by the original sixteen defendants. Dkt. No. 121. He states that given the court's order extending the dispositive motion deadline and adding three defendants, he's not sure whether or when he should respond to the motion filed by the original sixteen. Id. The plaintiff also filed a letter asking whether he should e-file or mail his response to the original sixteen defendants' proposed findings of fact. Dkt. No. 123.

The court understands why the original sixteen filed their motion for summary judgment; on October 12, 2018 the court set a deadline of November 29, 2018 for them to do so. By the time that deadline arrived, the court had not yet ruled on the plaintiff's motion to add new defendants. Had the court ruled earlier on that motion, the original sixteen defendants could have asked the court to allow them to wait and file a single dispositive motion for all nineteen defendants. But when November 29 rolled around and the court still had not ruled, the original sixteen defendants filed their summary judgment motion, rather than risk violating the court's scheduling order.

While this is the court's fault, the fact remains that the plaintiff now faces multiple deadlines for responding to summary judgment—one for responding to the original sixteen defendants' motion, and one for responding to any motion the three new defendants might file. Multiple deadlines result in confusion for the parties and the court, confusion the court tries to avoid,

especially in cases with unrepresented litigants. While it does not wish to unduly burden the defendants, in the spirit of avoiding unnecessary confusion, the court will deny without prejudice the original sixteen defendants' motion for summary judgment.

Once the three new defendants answer the complaint, the court will issue a new scheduling order containing discovery and dispositive motions deadlines. Any of the nineteen defendants who wish to file summary judgment motions may file a joint motion by the new dispositive motions deadline.

Finally, the court advises the plaintiff that as long as he is confined at an e-filing institution, he must submit anything he wants to file—briefs, motions, responses to proposed findings of fact—through the institution's e-filing system. If, at some point in the future while his case is pending, the plaintiff finds himself in an institution that does not have an efiling system, or if he is released, he then may mail his documents to the clerk of court's office.

The court **DENIES WITHOUT PREJUDICE** the original sixteen defendants' motion for summary judgment. Dkt. No. 106

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 121.

Dated in Milwaukee, Wisconsin this 12th day of December, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**