KEITH JACKSON,

                Plaintiff,

v.                                             Case No. 17-cv-194-pp

DR. PATRICK MURPHY, *et al.*,

                Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 196), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 198) AND DECLINING TO RULE ON PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 208)**

On June 1, 2020, the court granted the defendants' motions for summary judgment and dismissed the case. Dkt. No. 194. The plaintiff has filed a motion for extension of time to file an appeal, dkt. no. 196, a motion for reconsideration, dkt. no. 198, and a motion to appoint counsel, dkt. no. 208.[1]

**I.    Motion for Extension of Time (Dkt. No. 196)**

The plaintiff asked the court to give him an extension of the deadline to file his notice of appeal because he was going to be asking the court to reconsider; he wanted the court's response to that motion before appealing so that he could exhaust his remedies. Dkt. No. 196. Three days after the court received the motion for an extension of time, it received the plaintiff's motion to

---

[1] The plaintiff also has filed a notice of appeal and motions for leave to proceed without prepaying the appellate filing fee. Dkt. Nos. 200, 207, 210, 213. The court will address these filings in a subsequent order.

1

reconsider, dkt. no. 198, and two weeks after that, the plaintiff filed a timely notice of appeal, dkt. no. 200. Even if the plaintiff had not filed a notice of appeal, the Federal Rules of Appellate Procedure provide that his deadline to file a notice of appeal would have been stayed until the court issued an order on his motion for reconsideration. See Fed. R. App. P. 4(a)(4)(A). The court will deny as moot the motion for extension of time.

## II. Motion for Reconsideration (Dkt. No. 198)

The plaintiff has asked the court to reconsider its order granting the defendants' motions for summary judgment and dismissing the case. Dkt. No. 198. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly discovered evidence. This means that under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's motion restates the facts he alleged in his complaint and his summary judgment briefs. Dkt. No. 198 at 1, 2. He also states the standard for a motion to dismiss (although the court granted the defendants' motions for *summary judgment,* not motions to dismiss). Id. at 1. The plaintiff contends that there is a dispute about whether testicular cysts are common—he says they are not, while the defendants assert that they are. Id. at 2. He argues that the court should view the evidence in the light most favorable to the non-moving party, that he is the non-moving party and that the defendants did not present expert witness testimony that such cysts are common. Id. He also asserts that being in pain, or serious conditions, does not necessarily mean that a person cannot function, and he describes situations in which he had a medical condition but nonetheless was able to work or function. Id. at 2-3. He points to various exhibits he filed, indicating that they prove Dr. Murphy was lying and that Murphy never intended to send the plaintiff to a pain clinic. Id. at 3.

The court's thirty-three-page order explained its reasoning for granting the defendants' motions for summary judgment. Dkt. No. 194. The defendants did not dispute that the plaintiff had serious medical needs. Id. at 23. Whether testicular cysts are common or not was not the issue; the issue was whether Dr. Murphy was deliberately indifferent to the pain they caused. The court realizes that Murphy did not give the plaintiff the treatment he wanted when he wanted it. The court explained in its order that that did not mean that Murphy was deliberately indifferent, and explained why. Id. at 27-28. Regarding

Murphy's conclusion that the plaintiff was highly functional, the court concedes that the plaintiff is correct that someone can be in pain and still be functional. The issue, again, is whether Murphy was deliberately indifferent to the plaintiff's pain, and he was not. Murphy referred the plaintiff to a pain management clinic. Id. at 27. Finally, as to the plaintiff's contention that certain exhibits show that Murphy never intended to send him to a pain clinic, these exhibits do not show what was in Murphy's mind. Whatever the plaintiff believes Murphy may have intended, *he treated the plaintiff*. Even if the plaintiff contends some treatments didn't work, even if the plaintiff disagrees with Murphy's views about whether to delay surgery in favor of more conservative treatment, even if the plaintiff believed Murphy should have taken certain actions at different times, Murphy consistently treated the plaintiff for a number of conditions, making medical judgments along the way. As the court explained, it could not conclude that Murphy was deliberately indifferent to the plaintiff's serious medical needs. Nothing in the plaintiff's motion to reconsider changes that conclusion.

The court will deny the plaintiff's motion for reconsideration.

### III.    Motion to Appoint Counsel (Dkt. No. 208)

The plaintiff has filed a motion to appoint counsel, presumably for his appeal. Dkt. No. 208. "The filing of an appeal . . . deprive[s] the district court of jurisdiction over the case." Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999). Once the case is before the court of appeals, this court does not have jurisdiction to grant a motion to appoint counsel. Id. The court does not even

have the power to consider the motion. Id. at 675. The plaintiff may ask the court of appeals to appoint counsel to represent him.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 196.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 198.

For lack of jurisdiction, the court **DECLINES TO RULE** on the plaintiff's motion to appoint counsel. Dkt. No. 208.

Dated in Milwaukee, Wisconsin this 24th day of July, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**